**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

EVANTHONY R. NORMAN,

    Plaintiff,

v.                                           CASE NO. 8:20-cv-1936-T-30TGW

PASCO COUNTY
STATE ATTORNEY'S OFFICE

    Defendant.

**REPORT AND RECOMMENDATION**

    The plaintiff filed an affidavit of indigency pursuant to 28 U.S.C. 1915 (Doc. 2), seeking a waiver of the filing fee for his complaint purportedly alleging the violation of his constitutional right against self-incrimination (Doc. 1).

    Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

    This complaint unquestionably fails to state a claim upon which

relief may be granted. Thus, it is bereft of specific factual allegations "showing that the pleader is entitled to relief," as required by Rule 8(a), F.R.Civ.P.

As best as can be discerned, the plaintiff is a defendant in a state criminal proceeding, and he alleges in a conclusory manner the violation of his constitutional rights against self-incrimination (Doc. 1, pp. 6-7). He requests the court to dismiss the state "criminal civil case" (id., p. 7). However, it is well-established that a federal court should not interfere with state criminal proceedings absent unusual circumstances. Younger v. Harris, 401 U.S. 37 (1971).

> The question of whether a federal court should abstain from interfering with a state judicial proceeding "is threefold: first, do the proceedings constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges."

Boyd v. Georgia, 512 Fed. Appx. 915, 917 (11th Cir. 2013) quoting 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir.2003). Here, the plaintiff, who has not even stated any factual basis for his allegations of wrongdoing, requests this court to interfere with an ongoing state criminal proceeding. The state obviously has an important interest in prosecuting crimes against

its citizens, and there is no basis for thinking that the plaintiff cannot raise his constitutional claims in state court (if he has not done so already).

Furthermore, the plaintiff names as the defendant the "Pasco-County-State Attorney Office" (Doc. 1, pp. 1, 2). However, a claim against the state attorney is not cognizable because "[a] prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1279 (11th Cir. 2002), citing Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). The plaintiff also does not allege any specific facts that would render immunity inapplicable in this circumstance.

In sum, this complaint is frivolous. Furthermore, an amendment would be futile under these circumstances. Therefore, leave to file an amended complaint is unwarranted. See Hall v. United Ins. Co. of America, 367 F.3d 1255, 1263 (11th Cir. 2004) (The district court "may properly deny leave to amend the complaint under Rule 15(a) when an amendment would be futile."). I therefore recommend that the complaint be dismissed.

Respectfully submitted,

*Thomas G. Wilson*

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: AUGUST 24, 2020.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.